UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DONALD K. BOHLMAN,                                              6:11-cv-6422-TC

                                    Plaintiff,

                    v.                                    FINDINGS & RECOMMENDATION

UNITED STATES OF AMERICA,

                                    Defendant.

COFFIN, Magistrate Judge:

     Plaintiff alleges that the IRS improperly assessed Trust Fund Recovery Penalties (TFRP)

against him and his wife for the failure of Living Hope International ("Living Hope")–an Oregon

public benefit corporation on whose board plaintiff sits–to pay employment taxes. After Living Hope

failed to pay employment taxes for certain quarters between 1998 and 2006, the IRS determined

plaintiff was liable for the trust fund portion of Living Hope's employment tax liabilities and

assessed him over $4,000 in TFRP under 26 U.S.C. § 6672. Plaintiff filed three administrative

claims for abatement in 2009. The IRS denied plaintiff's appeal of the TFRP assessments by a letter

Page 1 - FINDINGS AND RECOMMENDATION

dated December 24, 2009. Plaintiff filed this action on December 27, 2011 alleging that the IRS "improperly failed to pay refund amounts due to plaintiff..." and seeking an injunction barring enforcement of the assessment. (# 1 at ¶ VI and VII). Defendant filed a motion to dismiss on October 23, 2012 to which Plaintiff responded and Defendant replied. (#s 9, 19, 23).

In my Order of January 22, 2013, I allowed plaintiff the opportunity to file an amended complaint given the confusion between the relief plaintiff appeared to have sought in his original complaint (a refund) and his description of his claim in his opposition to the motion to dismiss (an appeal of the administrative appeal). (# 24, p. 4). Plaintiff filed his first amended complaint on February 7, 2013, continuing to allege both the refund and appeal claims and adding a Bivens action and asserting injunctive and/or declaratory relief. (# 25).

Currently before me is the government's supplemental motion to dismiss. (# 26). Plaintiff did not file an opposition. For the reasons discussed below, I recommend the court grant defendant's motion to dismiss.

**Standard**

Where the court lacks subject-matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(b)(1). Rule 12(b)(6) allows for dismissal of a complaint based on either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). When considering a Rule 12(b)(6) motion, the court must accept all factual allegations in the complaint as true and construe them in a light most favorable to the nonmoving party. Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1014 (9th Cir.2012).

Page 2 - FINDINGS AND RECOMMENDATION

**Discussion**

**1. Appeal of Denial of Assessment Appeal**

Defendant argues this court should dismiss plaintiff's first cause of action because there is neither a cause of action for a direct appeal of an IRS assessment to a district court nor a waiver of sovereign immunity allowing such an action. Steele v. United States, 280 F.2d 89, 91 (9th Cir. 1960) (discussing the correct procedure for contesting TFRP assessments in district court). Plaintiff's amended complaint does not cite and the court does not know of any statutory authority or waiver of sovereign immunity which would allow subject matter jurisdiction over this claim. Everist v. U.S.D.A. 2012 WL 2367393, at *3 (D.Or. June 7, 2012) ("To proceed against the United States or agency or employee thereof, a plaintiff must identify both a specific statutory waiver of sovereign immunity and a statutory authority granting subject matter jurisdiction over the claims asserted by the plaintiff."); Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994) (explaining that the party who seeks to invoke the subject-matter jurisdiction of the court has the burden of establishing that such jurisdiction exists). Accordingly, I recommend that this court dismiss this claim under Rule 12(b)(1) and 12(b)(6).

**2. Due Process Claims**

Defendant argues that this court should dismiss plaintiff's second cause of action–a Bivens action and claims for injunctive and declaratory relief–for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

    **a.**    **Bivens Claim**

First, plaintiff appears to ask this court to hold IRS officials personally liable for their actions

Page 3 - FINDINGS AND RECOMMENDATION

in assessing the TFRP against plaintiff. Under certain circumstances a claimant may hold a government official personally liable for actions taken in his or her official capacity in violation of the Constitution. <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971). However, <u>Bivens</u> relief is unavailable for plaintiffs' suits against IRS auditors and officials "[b]ecause the Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessment and collection." <u>Adams v. Johnson</u>, 355 F.3d 1179, 1186 (9th Cir. 2004). In this case, plaintiff's suit is maintained because of alleged actions by employees of the IRS in assessing the TFRP. Therefore, <u>Bivens</u> relief is unavailable to plaintiff. Even assuming <u>arguendo</u> that <u>Bivens</u> relief were available, has not named any specific IRS auditors and officials who should be held personally liable. I find that plaintiff has failed to state a cognizable <u>Bivens</u> claim.

### b.    Injunctive and Declaratory Relief

Next, plaintiff seeks injunctive and declaratory relief. The Anti-Injunction Act limits actions to enjoin the assessment and collection of taxes and provides, in part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." 26 U.S.C. § 7421(a). "A limited number of statutory exceptions to the Act's proscription against enjoining the government's tax assessment and collection efforts exists in addition to a narrow exception to the Act when a plaintiff shows the government cannot prevail under any circumstances and the plaintiff would suffer irreparable injury in the absence of injunctive relief." <u>Elias v. Connett</u>, 908 F.2d 521, 523 (9th Cir.1990). An action that does not fall within one of the exceptions must be dismissed for lack of subject matter jurisdiction. <u>Id.</u> Ordinarily, once a tax has been assessed, the taxpayer's only recourse is to pay the tax in full and then sue for a refund in district court. See <u>United States v. Condo</u>, 782 F.2d 1502, 1506 (9th Cir.1986); See also <u>Church of</u>

Page 4 - FINDINGS AND RECOMMENDATION

Scientology of Cal. v. United States, 920 F.2d 1481, 1884-85 (9th Cir. 1990) (The "principal purpose of the Anti-Injunction Act is to preserve the Government's ability to assess and collect taxes expeditiously with a minimum of preenforcement judicial interference and to require that the legal right to the disputed sums be determined in a suit for a refund.").

Plaintiff claims that  he falls within the judicial exception, declaring that "since there is no factual basis for the assessment, there is no possibility that the United States can ultimately prevail on the merits of the defense of the assessment." (# 25, p. 12). Plaintiff, however, does not point to any specific factual deficits that would prevent any possibility of the government from prevailing on the merits of the defense of the assessment and merely limits his statement to a conclusory allegation. Conclusory and unsubstantiated allegations are insufficient to meet the burden of showing that the government cannot prevail under any circumstances. Johnson v. United States, 402 Fed. Appx. 298 (9th Cir.2010). Plaintiff also asserts an irreparable injury because he claims he has no adequate remedy at law. This assertion fails because, as discussed below, 26 U.S.C. § 7422–if properly pled–provides a remedy in a suit for refund. I find that plaintiff's claim for injunctive relief fails because he does not fall into any of the statutory exceptions to the Anti-Injunction Act nor does he fall within the judicial exception, and recommend that this court grant defendant's motion to dismiss plaintiff's second claim for relief.

**3. Claim for Refund**

Defendant argues that plaintiff's third claim for relief–a claim for refund of the TFRP assessed against him–fails to state a claim upon which relief may be granted. Once a tax has been assessed by the IRS, the taxpayer's only recourse is to pay the tax in full and then sue for a refund

in district court. <u>United States v. Condo</u>, 782 F.2d at 1506. A taxpayer seeking a refund must bring suit under 26 U.S.C. § 7422 which provides for civil actions for refund. Here, a review of plaintiff's amended complaint states that plaintiff does not seek a refund under 26 U.S.C. § 7422 but instead seeks a judicial appeal of the administrative denial of his claim. (# 25,  p. 8). Even the most expansive reading of plaintiff's amended complaint reveals it to be based–both legally and factually–on deficiencies in the administrative process regarding the TFRP matter. <u>Moss v. United States Secret Serv.</u>, 572 F.3d 962, 929 (9th Cir. 2009) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Despite my order allowing plaintiff to amend his complaint, which included warnings that section 7422 is the sole basis for a remedy in this situation, plaintiff choose not to seek relief under section 7422 in his amended complaint. Accordingly, I find that plaintiff does not state a cognizable legal theory for his claim for a refund in this action, and I recommend that this court grant defendant's motion to dismiss plaintiff's claim for a refund.

## Conclusion

For the reasons stated, I recommend defendants' motion to dismiss be granted. (# 26).

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>See Martinez v. Y1st</u>, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the

Page 6 - FINDINGS AND RECOMMENDATION

objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

      IT IS SO ORDERED

      DATED this 26 day of March 2013.

                       THOMAS M. COFFIN
                    United States Magistrate Judge

Page 7 - FINDINGS AND RECOMMENDATION