IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD K. BOHLMAN,                     Case No. 6:11-cv-6422-TC

    Plaintiff,                                       ORDER

    v.

UNITED STATES OF AMERICA,

    Defendant.

AIKEN, Chief Judge:

    On March 26, 2013, Magistrate Judge Coffin issued his Findings and Recommendation and recommended that the government's supplemental motion to dismiss be granted and plaintiff's claims be dismissed. The matter is now before me. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell

1 - OPINION AND ORDER

Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Plaintiff filed timely objections to part of the Findings and Recommendation and also filed a motion to amend his complaint.

Plaintiff does not oppose dismissal of his first or second causes of action alleged in the First Amended Complaint. However, plaintiff opposes dismissal of the third cause of action on grounds that it sufficiently states a claim for a refund under 26 U.S.C. § 7422; to the extent it does not, plaintiff seeks leave to amend the complaint and make clear the basis of the claim. Notably, plaintiff had been advised to do so prior to the issuance of the Findings and Recommendation and the government's supplemental motion to dismiss. Plaintiff failed to make clear the basis of the refund claim and did not respond to the government's supplemental motion. While plaintiff's failure to respond could warrant dismissal of this action, I find that plaintiff may amend the complaint under the liberal pleading standard of the federal rules. Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) ("Normally, when a viable case may be pled, a district court should freely grant leave to amend.").

When considering proposed amendments, the court must consider factors of bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether previous amendments have been allowed. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). While delay generally does not warrant denial of the motion,

2 - OPINION AND ORDER

"[f]utility alone can justify the denial of a motion for leave to amend." Id. (citing Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)). Here, I do not find bad faith. While the factors of delay and previous amendments weigh against plaintiff, I do not find that these factors warrant denial of plaintiff's motion. As the government correctly concedes, the proposed complaint arguably states a claim for relief, and the government has been on notice that plaintiff seeks a refund. Therefore, I will allow plaintiff's motion to amend. Plaintiff is advised to review Local Rule 7-1(a) and comply with its conferral requirements in the future.

## CONCLUSION

For the reasons set forth, IT IS HEREBY ORDERED that Magistrate Judge Coffin's Findings and Recommendation (doc. 27) filed on March 26, 2013, is ADOPTED, in part. Defendant's Supplemental Motion to Dismiss (doc. 26) is GRANTED in part, and plaintiff's First and Second Claims for Relief in the First Amended Complaint (doc. 25) are DISMISSED. Plaintiff's Motion to File Second Amended Complaint (doc. 29) is GRANTED. Defendant's initial Motion to Dismiss (doc. 9) is DENIED as moot.

IT IS SO ORDERED.

Dated this 11th day of June, 2013.

_____
Ann Aiken
United States District Judge

3 - OPINION AND ORDER